UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

DADELAND INVESTORS, LLC and
LEFT FIELD HOLDINGS, LLC
d/b/a Lime Fresh Mexican Grill

    Defendants.

## COMPLAINT

Plaintiff, Jesus Gonzalez, by and through his undersigned counsel, hereby sues Defendant Dadeland Investors, LLC and Defendant Left Field Holdings, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the AMERICANS WITH DISABILITIES ACT ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189 and pursuant to Title II of the ADA 42 U.S.C. §12134(c) and §12204. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida.

3. The remedies provided by Florida Statute §760 are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

4. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located within the jurisdiction of this Court.

## PARTIES

a). **The Plaintiff**

5. Jesus Gonzalez (hereinafter referred to as "Plaintiff") is a resident of the state of Florida. The Plaintiff is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Thus, Plaintiff suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act ("ADA"). The Plaintiff's disability is defined in 42 US Code §12012 (1)(A) and in 42 U.S.C. 3602 §802(h).

b). **Dadeland Investors, LLC**

6. Defendant Dadeland Investors, LLC (also referenced as "Defendant Dadeland Investors," "Lessor," or "Owner") is authorized to conduct, and is conducting business within the State of Florida.

7. Defendant Dadeland Investors, LLC (also referenced as "Defendant Dadeland Investors") is the owner of commercial property located at 9005 SW 72 Place, Miami Florida 33156, which is leased to the owner/operator of Lime Fresh Mexican Grill restaurant. Defendant Dadeland Investors' commercial property is referenced throughout

as "restaurant," "Lime Fresh Mexican Grill," "Subject Facility," or "place of public accommodation."

8.  The commercial space Defendant Dadeland Investors leases its utilized as a restaurant, therefore it is defined as a "place of public accommodation" being: "[A] restaurant, bar, or other establishment serving food or drink;" 42 U.S.C. §12182, §12181(7)(B). Therefore the commercial space is subject to the requirements of 28 C.F.R. §36.104 and the Florida Civil Rights Act, codified as Title XLIV.

9.  Defendant Dadeland Investors leases the restaurant space to co-Defendant Left Field Holdings, LLC (the lessee). The Lessee is the owner/operator of the restaurant known as "Lime Fresh Mexican Grill." (which is referenced throughout as "Lime Fresh Mexican Grill restaurant," "restaurant," "Subject Facility," or "place of public accommodation").

10. As the owner and lessor (to others) of commercial space which is open to the general public as a restaurant, Defendant Dadeland Investors is defined as a "Public Accommodation" within meaning of Title III because Defendant Dadeland Investors is a private entity which owns and/or leases to others "[A] restaurant, bar, or other establishment serving food or drink"; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104 and the Florida Civil Rights Act, codified as Title XLIV.

c).  **Left Field Holdings, LLC**

11. Defendant Left Field Holdings, LLC (also referenced as "Defendant Left Field Holdings," "tenant," "operator," or lessee") is the owner (and franchisor) of a chain of a family friendly restaurant under the "Lime Fresh Mexican Grill" franchise (and brand), which restaurant is open to the public.

12. Defendant Left Field Holdings is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

13. Lime Fresh Mexican Grill is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B): "[A] restaurant, bar, or other establishment serving food or drink".

14. Defendant Left Field Holdings' Lime Fresh Mexican Grill restaurant contain services and accommodations which subject it to Chapter 760 of the Florida Statutes.

15. As the operator and lessee of a restaurant which is open to the public, the Defendant Left Field Holdings is defined as a "Public Accommodation" within meaning of Title III because Defendant Left Field Holdings is a private entity which owns, leases, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104 and the Florida Civil Rights Act, codified as Title XLIV.

## FACTS

16. At all times material hereto, the Defendant Left Field Holdings was (and is) leasing commercial space from co-Defendant Dadeland Investors.

17. Lessor Defendant Left Field Holdings utilizes the commercial space for the operation of its Lime Fresh Mexican Grill restaurant.

18. As a restaurant open to the general public, Defendant Left Field Holdings' Lime Fresh Mexican Grill restaurant is a place of public accommodation as defined at 42 U.S.C. §12182, §12181(7)(B).

19. On March 2, 2017, the Plaintiff personally visited Defendant Left Field Holdings' Lime Fresh Mexican Grill restaurant to purchase a meal.

4

20. The Plaintiff was denied full and equal access to the restaurant because the service counter for ordering food, and the service counter for payment and pick up of food were at an inaccessible height for Plaintiff's wheelchair.

21. Further, neither the built-in counter holding the drink dispenser station and the built-in condiment station within the Lime Fresh Mexican Grill restaurant are not designed and built at an accessible height to accommodate Plaintiff and Plaintiff's wheelchair.

22. In addition, the garbage receptacle was inaccessible for the Plaintiff, as it too is at an inaccessible height to accommodate Plaintiff and Plaintiff's wheelchair.

23. As such, the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities of the Lime Fresh Mexican Grill restaurant (a place of public accommodation), by the operator/lessee of that place of public accommodation (Defendant Left Field Holdings) and by the owner/lessor of that place of public accommodation (Defendant Dadeland Investors).

24. As a result of the Defendant Left Field Holdings' and Defendant Dadeland Investors's (joint and several) discrimination, the Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries.

25. Any and all requisite notice has been provided.

26. The Plaintiff has been obligated to retain the civil rights law office of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.  Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

27. Plaintiff re-alleges and incorporates by reference the allegations set forth in ¶¶s 1-26 herein above.

28. The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 25 years. As such, all public accommodations and facilities have had adequate time for compliance.

29. Congress found, among other things, that:

(i) some 43,000,000[1] Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary

---

[1] According to the 2010 Census, 56.7 million people, or 19% of the population had a disability.

>discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.
>
>42 U.S.C. §12101(a)(1)-(3), (5) and (9).

30. Congress explicitly stated that the purpose of the ADA was to:

>(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
>(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
>
>(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.
>
>42 U.S.C. §12101(b)(1)(2) and (4).

31. Defendant Dadeland Investors is subject to the provisions of 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104 because it is the owner and lessor of a complex of buildings (real property) which contain a restaurant which is open to the public and is therefore a place of public accommodation. As such, the owner of the complex of buildings[2] which leases the retail space to the operator of the restaurant and the operator of the restaurant[3] are jointly and singularly governed by the ADA, and must be in compliance therewith.

32. Defendant Dadeland Investors, LLC (owner/lessor of the Subject Facility) and the attendant business operator/lessee (Defendant Left Field Holdings, LLC), the

---

[2] Defendant Dadeland Investors LLC
[3] Defendant Left Field Holdings II, LLC

7

operator of the restaurant named Lime Fresh Mexican Grill, have discriminated against disabled patrons (in derogation of 28 C.F.R. Part 36).

33.     Defendant Dadeland Investors, LLC (owner/lessor) and the attendant business operator/lessee (Defendant Left Field Holdings, LLC), the operator of the restaurant named Lime Fresh Mexican Grill, have discriminated (and continue to discriminate) against the Plaintiff (and others who are similarly situated) by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the restaurant, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq. by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

34.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the restaurant.

35.     Prior to the filing of this lawsuit, the Plaintiff personally visited Lime Fresh Mexican Grill restaurant operated by Defendant Left Field Holdings, LLC (the lessee), with the intention of patronizing that place of public accommodation (purchasing and eating a meal therein).  But (as an individual with a disability who utilizes a wheelchair for mobility), the Plaintiff has been denied adequate accommodation by virtue of being unable to independently purchase, pay for, and pick up his meal as well as to utilize the drink dispenser and the condiment station, and dispense of his trash within the restaurant due do those area's inaccessible features, and therefore suffered an injury in fact.

36. The Plaintiff continues to desire to patronize the Lime Fresh Mexican Grill restaurant, but continues to be injured in that he continues to be discriminated against due to the architectural barriers which remain at the Lime Fresh Mexican Grill restaurant, in violation of the ADA.

37. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

38. The commercial space which is owned by Defendant Dadeland Investors, LLC (owner/lessor) houses the Lime Fresh Mexican Grill restaurant which is owned and operated by Defendant Left Field Holdings, LLC (tenant/lessee). This commercial space is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of inter alia, the following specific violations:

i. As to Defendant Left Field Holdings (the lessee and operator of the restaurant) and Defendant Dadeland Investors (owner/lessor) (jointly and severally): the restaurant order and payment counter is inaccessible, in violation of 28 C.F.R. Part 36, Section 7.2(1), which requires that a portion of the main counter which is a minimum of 36 inches (915 mm) in length shall be provided with a maximum height of 36 inches (915 mm) above the finished floor; 2010 ADA Standards for Accessible Design Section 904.4.

    ii. As to Defendant Left Field Holdings (the lessee and operator of the restaurant) and Defendant Dadeland Investors (owner/lessor) (jointly and severally): the built-in drink dispenser station is located at inaccessible heights at more than 36 inches above the finished floor, in violation of 28 C.F.R. Part 36; 2010 ADA Standards for Accessible Design Section 904.5.1 (self-service dispensing devices for beverages are to comply with Section 308, specifically Obstructed high reach under 308.2.2.)

    iii. As to Defendant Left Field Holdings (the lessee and operator of the restaurant) and Defendant Dadeland Investors (owner/lessor) (jointly and severally): the built-in condiment station is located at inaccessible heights at more than 36 inches above the finished floor, in violation of 28 C.F.R. Part 36; 2010 ADA Standards for Accessible Design.

    iv. As to Defendant Left Field Holdings (the lessee and operator of the restaurant): the trash receptacle is located at inaccessible heights at more than 36 inches above the finished floor, in violation of 28 C.F.R. Part 36; 2010 ADA Standards for Accessible Design Section 308.2.1 and 308.3.1.

39. More access barrier violations may be present, which will be determined and proven through the discovery process.

40. Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants (and each of them) are required to make the restaurant (a place of public accommodation) accessible to persons with disabilities since January 28, 1992. The property owner/lessor Defendant Dadeland Investors, LLC and the lessee (operator of the

restaurant) Defendant Left Field Holdings, LLC, have jointly and severally failed to comply with this mandate.

41.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the restaurant until the requisite modifications are completed.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property owner/lessor Defendant Dadeland Investors, LLC and the lessee (operator of the restaurant) Defendant Left Field Holdings, LLC and requests the following injunctive and declaratory relief:

    a)    The Court declares that the property owner/lessor Defendant Dadeland Investors, LLC and the lessee/operator Defendant Left Field Holdings, LLC are violative of the ADA and order the restaurant to be closed to the public until such time as it is deemed by this Court to be accessible;

    b)    The Court enter an Order requiring the property owner/lessor Defendant Dadeland Investors, LLC and the lessee/operator Defendant Left Field Holdings, LLC to alter the Subject Facility such that it is accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

    c)    The Court enter an Order directing the owner/lessor Defendant Dadeland Investors, LLC and the lessee/operator Defendant Left Field Holdings, LLC to evaluate and neutralize their policies, practices and

procedures toward persons with disabilities, for such reasonable time so as to allow the parties (jointly and severally) to undertake and complete corrective procedures to the building and the attendant business (restaurant) therein;

d) The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff, and the Court award reasonable costs and attorneys fees; and

e) The Court awards such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF FLORIDA STATUTE §760

42. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1-26 herein above.

43. The owner/lessor Defendant Dadeland Investors, LLC and the lessee (operator of the restaurant known as Lime Fresh Mexican Grill restaurant) Defendant Left Field Holdings, LLC have violated Florida Statute §760, which provides all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any of public accommodation, without discrimination or segregation on the grounds of handicap.

44. The violations of Florida law were deliberate and knowing.

**WHEREFORE,** Plaintiff Jesus Gonzalez respectfully prays that this Court grant the following relief against the owner/lessor Defendant Dadeland Investors, LLC and the lessee (operator of the restaurant known as Lime Fresh Mexican Grill) Defendant Left Field Holdings, LLC including compensatory damages, damages for intangible injuries,

punitive damages, costs including reasonable attorney's fees and interest and for the following injunctive relief and declaratory relief:

    a)     A declaration that the policies and procedures of Defendant Dadeland Investors, LLC (as owner/lessor) and the lessee (operator of the restaurant known as Lime Fresh Mexican Grill) Defendant Left Field Holdings, LLC have jointly and separately violated Florida Statue §760 in that the Defendants (and each of them) have failed to consider and accommodate the needs of disabled persons to the full extent required by Florida law at the Lime Fresh Mexican Grill restaurant;

    b)     An Order mandating that the Defendants (and each of them with respect to the Lime Fresh Mexican Grill restaurant, a place of public accommodation) undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable time;

    c)     An Order mandating that Defendants (and each of them with respect to the Lime Fresh Mexican Grill restaurant, a place of public accommodation) expeditiously make all reasonable and appropriate modifications to the restaurant to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the public;

    d)     Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

    e)     Award reasonable costs and attorneys fees; and

    f)     Award any and all other relief that may be necessary and appropriate.

Dated this 24th day of April, 2017.

        Respectfully submitted,

        *s/Scott R. Dinin*
        Scott R. Dinin, Esq.
        Scott R. Dinin, P.A.
        4200 NW 7th Avenue
        Miami, Florida 33127
        Tel: (786) 431-1333
        Fax: (786) 513-7700
        inbox@dininlaw.com
        *Counsel for Plaintiff*